

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-23-2009

# USA v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4525

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Smith" (2009). *2009 Decisions.* Paper 1490.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1490

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-4525

———


UNITED STATES OF AMERICA

v.

DARREN SMITH
also known as DOMINIQUE EVANS
also known as DARREN SMITH

Darren Smith,
            Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 2-07-cr-00376-001)
District Judge: Hon. Stanley R. Chesler

———

Submitted Under Third Circuit LAR 34.1(a)
April 21, 2009

Before:  SCIRICA, Chief Judge, SLOVITER, and FISHER, Circuit Judges

(Filed   April 23, 2009 )

———


OPINION

SLOVITER, Circuit Judge.

Darren Smith, who pled guilty to conspiracy to commit robbery and conspiracy to commit burglary, appeals his sentence of 188 months incarceration. We will affirm.

**I.**

Smith conspired with others to commit at least fifty-five home-invasion robberies as well as the armed robbery of a jewelry store. In committing the home invasions, Smith and his co-defendants cut telephone and home alarm wires, forcibly pushed in the front doors, and stole items that they later illegally sold. With respect to the jewelry store robbery, Smith gave a semi-automatic pistol to his co-defendant Williams and threatened to hurt Williams' mother, daughter, and girlfriend if he did not rob the store.

Smith pled guilty to conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a) and conspiracy to commit burglary in violation of 18 U.S.C. § 371. In the plea agreement, the parties stipulated that Smith's total offense level was twenty-nine and his criminal category was VI,[1] that a sentence "within the Guidelines range that results from the agreed total Guidelines offense level of 29 (twenty-nine) is reasonable," and that the parties would not seek an upward or downward departure or adjustment. App. at 32. In addition, the plea agreement included an appellate waiver, providing that Smith "voluntarily waives, the right to file any appeal . . . which challenges the sentence imposed

---

[1]    Smith's prior criminal record included five felony convictions.

2

. . . if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 29." App. 32. Smith reserved his right to appeal the court's determination of his criminal history category, but "if the sentencing court accepts a stipulation [herein], both parties waive the right to file an appeal . . . claiming that the sentencing court erred in doing so." App. at 32.

At the plea colloquy, the District Court questioned Smith about his stipulations in order to ensure that he understood their effect on his sentence:

> THE COURT: [The plea agreement] contains some agreements between you and the U.S. Attorney's office about . . . facts which go into calculating . . . the guideline sentencing range . . . [. F]or example, you have agreed . . . that your total offense level in this case is a level 29.
> THE DEFENDANT: Yes.
> THE COURT: You've also agreed . . . that your criminal history category is a level six.

App. at 50. In addition, the District Court addressed Smith's appellate waiver:

> THE COURT: [The plea agreement provides that, i]f I give you a sentence which is within the sentencing range for an offense level 29 or lower, you will not appeal the sentence or the conviction or make any other type of post-conviction attack or challenge on the sentence or conviction. Have you in fact agreed to do that?
> THE DEFENDANT: Yes.
> THE COURT: Have you discussed it with [your attorney]?
> THE DEFENDANT: Yes.
>            ***
> THE COURT: Have you been satisfied with his explanation of why he has recommended that you agree to it?
> THE DEFENDANT: Yes.

App. at 52. The Court then correctly calculated the Guidelines range resulting from a offense level of twenty-nine and a criminal history category of VI to be 151 to 188 months

3

incarceration.[2]  The District Court also addressed 18 U.S.C. § 3553(a) factors, concluding that a substantial sentence was warranted here due to the scale of the conspiracy, its numerous victims, the need for specific and general deterrence, and the danger that Smith posed to society as a result of his "lifetime of continued criminal activity."  App. at 102.

Despite Smith's agreement to waive his right to appeal his sentence, he now argues that his sentence is unreasonable.

## II.

 "'Waivers of appeals, if entered knowingly and voluntarily, are valid, unless they work a miscarriage of justice.'"  *United States v. Gwinnett*, 483 F.3d 200, 205 (3d Cir. 2007) (quoting *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001).  Smith does not argue that his plea was not knowing and voluntary.  Moreover, the record shows that Smith discussed the plea agreement and its ramifications with both his attorney and the District Court, and nothing in the record otherwise impugns the validity of the plea agreement.

In addition, there is no question that Smith's appeal falls within the scope of the waiver provision, *see United States v. Jackson*, 523 F.3d 234, 244 (3d Cir. 2008), because Smith waived the right to "file any appeal . . . which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results

---

[2]  Smith's sentence was calculated pursuant to the May 1, 2007, edition of the Sentencing Guidelines.

from the agreed total Guidelines offense level of 29." App. at 32. Even though Smith reserved the right to appeal the District Court's determination of his criminal history category, the waiver also provided that he could not appeal any issue upon which the Court accepted a stipulation between the parties. Because the Court accepted the parties' stipulation that Smith had a criminal history category of VI, he is precluded from challenging that determination on appeal.

Finally, Smith's case does not present "an unusual circumstance where an error amounting to a miscarriage of justice may invalidate the waiver." *Khattak*, 273 F.3d at 562 (citing *United States v. Teeter*, 257 F.3d 14, 25 (1st Cir. 2001)). Smith challenges only the reasonableness of his sentence. "[I]n light of *Gall's* [*Gall v. United States*, 128 S.Ct. 586, 596 (2007)] deferential abuse-of-discretion standard for reviewing sentencing appeals, it will be a rare and unusual situation when claims of an unreasonable sentence, standing alone, will be sufficient to invalidate a waiver because of a miscarriage of justice." *Jackson*, 523 F.3d at 244. This case clearly does not present any such "unusual situation." *Id.*[3]

### III.

Because Smith's appeal is barred by the appellate waiver provision of his plea

---

[3] The District Court rejected Smith's request for a waiver because of the conditions in the Passaic County Jail. Even if that objection were to survive the waiver, we would not disagree with the District Court's disposition.

agreement, we will affirm the District Court's judgment of conviction and sentence.